IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CV-87-D

| | | |
|---|---|---|
| RAYFIELD DONNELL PICKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On June 28, 2010, Magistrate Judge Gates issued a Memorandum and Recommendation ("M&R") [D.E. 33]. In that M&R, Judge Gates recommended that the court deny plaintiff's motion for judgment on the pleadings [D.E. 20], grant defendant's motion for judgment on the pleadings [D.E. 26], and affirm the final decision of defendant. On July 12, 2010, plaintiff filed objections to the M&R [D.E. 33]. Defendant did not respond.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis removed) (quotation omitted). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff does not object, the court is satisfied that there is no clear

error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objects. First, plaintiff contends that Judge Gates incorrectly evaluated the record concerning the Administrative Law Judge's ("ALJ") analysis of evidence relating to plaintiff's residual functional capacity ("RFC"). See Pl.'s Obj. to M&R 1–4.

The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966), overruled by implication on other grounds by Black & Decker Disability Plan v. Nord, 538 U.S. 822 (2003).

This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

The court rejects plaintiff's argument that Judge Gates incorrectly evaluated the record concerning plaintiff's RFC. The M&R makes clear that Judge Gates applied the proper standard of review. See M&R 7–11. Moreover, Judge Gates correctly concluded that the ALJ's RFC analysis

2

was supported by substantial evidence. See id.

In opposition to this conclusion, plaintiff contends that the ALJ failed to give proper weight to certain evidence. See Pl.'s Obj. to M&R 1–4. The ALJ, however, explained in great detail the evidence and explained the weight assigned to the evidence. See M&R 7–11. Nothing more is required. See, e.g., Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996), superseded on other grounds by regulation, 20 C.F.R. § 416.927(d)(2); see also Morgan v. Barnhart, 142 Fed. Appx. 716, 722 (4th Cir. 2005) (unpublished); Melvin v. Astrue, 602 F. Supp. 2d 694, 699 (E.D.N.C. 2009). Accordingly, the objection is overruled.

Second, plaintiff objects that Judge Gates erroneously found that the ALJ properly analyzed the opinions of two non-examining state agency physicians. See Pl.'s Obj. to M&R 4–5. Judge Gates, however, noted the requirements of 20 C.F.R. §404.1527(f) and Soc. Sec. Ruling 96-6p, 1996 WL 374180, at *2–3 (July 2, 1996), and correctly explained why the ALJ adequately explained the weight that he gave the opinions. See M&R 10. Thus, the objection is overruled.

Third, plaintiff objects that Judge Gates improperly analyzed the ALJ's credibility assessment of Pickett's testimony. See Pl.'s Obj. to M&R 5–8. Having reviewed the entire record, the court disagrees with plaintiff's objection and agrees with Judge Gates' analysis. See M&R 11–13. Thus, the objection is overruled.

Fourth, plaintiff objects that both Judge Gates and the ALJ failed to address plaintiff's testimony that he has needed to use a cane since his accident. See Pl.'s Obj. to M&R 8–9. Both the ALJ and Judge Gates, however, extensively analyzed plaintiff's credibility (including acknowledging his use of a cane). See M&R 11. Thus, the objection is overruled.

Finally, plaintiff objects that Judge Gates failed to correct the ALJ's allegedly erroneous analysis of Social Security Ruling 82–62. See Pl.'s Obj. to M&R 9–10. Judge Gates and the ALJ,

however, properly applied Social Security Ruling 82–62, and this court need not repeat that analysis. See M&R 13–14. Thus, the objection is overruled.

In sum, the court adopts the M&R [D.E. 33]. Plaintiff's motion for judgment on the pleadings [D.E. 20] is DENIED, defendant's motion for judgment on the pleadings [D.E. 26] is GRANTED, and defendant's final decision is AFFIRMED. The Clerk of Court is directed to close the case.

SO ORDERED. This 5 day of August 2010.

JAMES C. DEVER III
United States District Judge